IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAREN KERNER,

                                                    ORDER
                              Plaintiff,

                                                    16-cv-187-bbc
              v.

GEORGIA-PACIFIC WOOD PRODUCT, LLC
and ESIS,

                  Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Karen Kerner is suing her former employer, defendant Georgia-Pacific

Wood Product, LLC for allegedly subjecting her to a hostile work environment and then

terminating her because of a disability that she suffered as a result of injuries sustained on

the job.  (Plaintiff alleges that defendant ESIS is Georgia-Pacific's insurer.)  Now before the

court is Georgia-Pacific's motion to dismiss the case under Fed. R. Civ. P. 12(b)(6) for failure

to state a claim upon which relief may be granted.  Dkt. #11.

       The question raised by a motion under Rule 12(b)(6) is whether the plaintiff's

allegations provide fair notice of her claim and are sufficient to show that the possibility of

relief is "plausible," that is, more than speculative.  Bravo v. Midland Credit Management,

_____

       [1]  In her complaint, plaintiff identifies defendant Georgia-Pacific Wood Product, LLC
as Georgia-Pacific Wood Product*s*, LLC.  I have amended the caption to reflect the correct
spelling of the name, as identified by defendant.

Inc., 812 F.3d 599, 601–02 (7th Cir. 2016) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  Defendant acknowledges this standard at the beginning of its brief, but then ignores it.  In fact, none of defendant's arguments relate to the sufficiency of plaintiff's allegations.  Instead, Georgia-Pacific seeks dismissal on two grounds:  (1) plaintiff failed to file her complaint within 90 days of receiving her right to sue letter, as required by federal law; and (2) plaintiff released defendant from any liability before filing this lawsuit.

The obvious problem with both of these arguments is that they are affirmative defenses, not elements of plaintiff's claim that she was required to plead.  Fed. R. Civ. P. 8(c) (listing "release" and "statute of limitations" as affirmative defenses).  See also DeTata v. Rollprint Packaging Products Inc., 632 F.3d 962, 970 (7th Cir. 2011) ("[A] failure to sue within 90 days is an affirmative defense."); Deckard v. General Motors Corp., 307 F.3d 556, 560 (7th Cir. 2002) ("A motion to dismiss was improper since release is an affirmative defense, Fed. R. Civ. P. 8(c), and the existence of a defense does not undercut the adequacy of the claim.").  An affirmative defense can be the basis of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) only when it is clear from the face of the complaint that the defense applies.  Jay E. Hayden Foundation v. First Neighbor Bank, N.A., 610 F.3d 382, 383-84 (7th Cir. 2010).

In this case, defendant Georgia-Pacific cites no admissions in the complaint that plaintiff failed to comply with the 90-day requirement or that she released defendant from liability from her claims in this case.  Instead, Georgia-Pacific cites a number of documents

2

outside the pleadings to support those arguments.  Because it is well established that a court cannot consider evidence submitted by the defendant in the context of a motion to dismiss, Geinosky v. City of Chicago, 675 F.3d 743, 745 (7th Cir. 2012), I am denying defendant's motion.  If defendant believes that plaintiff's complaint is untimely or barred by a settlement agreement, it will have to file a motion for summary judgment.

One other matter requires attention.  Plaintiff filed this lawsuit in March 2016, but she has yet to serve defendant ESIS with her complaint.  Under Fed. R. Civ. P. 4(m), a plaintiff has 90 days to serve her complaint, a deadline that passed in June.  Accordingly, I am directing plaintiff to show cause why her complaint should not be dismissed without prejudice as to defendant ESIS.


ORDER

IT IS ORDERED that

1.  Defendant Georgia-Pacific Wood Product, LLC's motion to dismiss, dkt. #11, is DENIED.

2. Plaintiff Karen Kerner may have until October 11, 2016, to show cause why her

claim against defendant ESIS should not be dismissed without prejudice for her failure to serve the complaint.

Entered this 27th day of September, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge